In Error. —
Henderson sued King in the County Court of Franklin, and in his declaration complains that he recovered judgment in the County Court against J. Rogers for $186.66 and costs, in the year 1809, and took out a fieri facias, and delivered it to W. King, who. was then sheriff of said county, by putting it into the hands of J. King, his deputy, to be executed and returned; that no return was made of the execution, whereby he has lost the benefit of to his damage,c. King, the defendant, pleaded not guilty; the statute of limitations; and that he was not sheriff of Franklin county. On these pleas issues were joined. The defendant also pleaded that "heretofore in October sessions of the Court of Pleas, c., in 1811, c., the said plaintiff prosecuted by motion his suit against the defendant as sheriff aforesaid, and William Russell and C. Bullard his sureties, for not returning the very same identical execution mentioned in the declaration, agreeably to an act of assembly in such cases made and provided, and such proceedings were thereupon had, that afterwards at a circuit court began and held for said county on the second Monday in February. 1812. the said motion came up by appeal to be tried and determined before the said Circuit Court. And by the consideration and judgment of said court, the said defendant and his sureties were acquitted and finally discharged from further liability on said motion, and recovered judgment against the said plaintiff for costs, as by the record and proceedings thereof, still remaining in said court, more fully and at large appears. And this he is ready to verify, c. To this plea the plaintiff demurred, and after a verdict against him on the issues, appealed to the Circuit Court, and on his death the suit was revived in the name of the *Page 95 
administrators. The plaintiff had a verdict on the issue for $248. The Court overruled the demurrer to the fourth plea, and gave judgment for the defendant. The cause was removed to this court by writ of error, and it is now assigned for error that the Circuit Court erred in overruling the demurrer. First, because the plea does not show that, when the motion was made in the County Court or the Circuit Court, the defendant made any defence or bad any notice; secondly, it does not state that the cause was tried on its merits.
Much argument has taken place at the bar upon the questions made in this cause; one position, however, may be assumed safely: that the plea to exempt the defendant ought not to leave any part of the defensive allegation so uncertain as that, if the Court supposes the existence of a fact, that fact may not exist. The plea here states a former motion against the defendant and his sureties, and a final discharge from that motion. If the discharge was because the Court found that the execution was not delivered to him, or was returned by him, or that he had paid the money, a discharge for any of these causes ought to be a discharge against any future action to be determined upon the same points, or any of them. If the discharge was for want of notice, or for any other cause not involving the merits of the complaint, there ought not to be an exemption from this action. The Court ought not to proceed upon the conjecture that the decision was founded upon some of these final points, when it might be that the conjecture was unfounded; and when it may be that in reality the judgment of the Circuit Court went on other and different grounds, the merits being not affected. There ought to be a certainty upon this head. If it be unattainable from the record, considering the usual forms adopted by the clerks in recording these motions and the proceedings upon them, the defect may be remedied by *Page 96 
averment, in like manner as it may be supplied by averment whether a recovery in trover or trespass was for the property in a slave or horse, or only for the abuse thereof. 2 Haywood. And the averment ought to be made in the plea, to ascertain the very point or points on which the Court acted in discharging the defendant. Were we to be satisfied by the phraseology of the record of discharge, the dismission of the defendant was not general, but limited to the motion. But it would be unsafe to rest upon this circumstance, as thereby a mistake or inaccuracy of the clerk might determine the cause the one way or the other. The averment ought to be made in the plea. Why depend upon the replication to state that for the completion of the plea which it is not for the interest of the plaintiff to state? Why compel him to reply at all rather than rely upon the statements of his adversary? And if he rely and rest upon them, what becomes of the certainty which the Court must have in forming a decision? This shows that the averment must be in the plea. And again the avoidance of prolixity in pleading requires it to be stated in the plea, for when there stated an immediate issue may be joined. But if deferred to the replication, there must be an answer in the rejoinder and issue upon that, or perhaps at some subsequent stage of the pleadings. If you relax from the first stage in pleading, where the facts may be stated, why not also pass over the intermediate stages, and go to some late one, and there commence this point of the allegations disclosed in pleading? By these means you will come to the rebutter and surrebutter, and to such further stages as hitherto have not acquired names. Here is imperfection, the prolixity which the rules of good pleading have been so studious to avoid. All considerations conspire to show that the averment ought to be advanced in the plea; and for not advancing it in the plea it is bad. If it were allowable to make *Page 97 
impressions from other parts of the record, we might say the defendant did receive the execution and did not return it, and did not pay the plaintiff, for all this is found by the verdict of the jury for $248. Such inference, however, might be incorrect, and if so, then resting upon it, the Court would stray from the point upon which their judgment ought to be founded. The point, as this case is circumstanced, can no otherwise be discovered than by pleading it. Were the Court to give judgment now upon this plea, when the form of it has hitherto remained undefined by any judgment of this court, it would then be possible that the form of the plea in the present case might exclude the material fact needful to make it sufficient, when in reality the fact might exist. And by such means judgment might be given upon a matter of form. Perhaps it would not be proper to be quite as indulgent if a prior determination had ascertained the form of the plea. Here, by a wise provision of our Legislature, we are left at liberty to attain the justice of the case; we mean the Act of 1809. It directs that every cause shall be decided upon its merits, and that imperfect pleadings shall be made perfect by amendment, so as to bring forward the merits; it is a downright violation of principles and of good sense to determine any case otherwise. It is a great imputation on former judges that so many statutes of jeofails have been needful to remove their adherence to forms, and to place common sense upon her native seat, from which she had been driven by technicalities. The demurrer in the present case ought to be sustained, and the plea be deemed insufficient. Judgment must be entered accordingly for the plaintiff with costs, but to be set aside if the defendant below at the next term of the Circuit Court shall amend his plea by stating specially the grounds of the defendant's discharge from the motion formerly made against him and his sureties, *Page 98 
and if, furthermore, the defendant below shall then pay the costs of this present appeal to this court.
N. B. The plea ought to be supported by affidavit as to the truth of the fact stated therein.